AO 241
(Rev. 12/04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN, NEW ORLEANS. |
|---|---|

| Name (under which you were convicted):  CLINTON. EDWARD. BELL. | Docket or Case No.: 92228  **07-9369** |
|---|---|

| Place of Confinement : LOUISIANA STATE PRISON ANGOLA | Prisoner No.: 101127  **SECT. N MAG. 6** |
|---|---|

| Petitioner (include the name under which you were convicted)  CLINTON EDWARD BELL  KELLY  BISHOP | v. | Respondent (authorized person having custody of petitioner)  WARDEN  LOUISIANA STATE  PRISON  ANGOLA |
|---|---|---|

| The Attorney General of the State of  LOUISIANA |
|---|

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   TWENTY SECOND DISTRICT ST. TAMMANY  PARISH.

   (b) Criminal docket or case number (if you know):  92228,

2. (a) Date of the judgment of conviction (if you know):  MARCH  10 TH  1982

   (b) Date of sentencing:  MAY  17 TH 1982

3. Length of sentence:  99 YEARS NO PAROLE OR PROBATION

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes   ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   ARMED ROBBERY  R,S, 14.64.

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

   ☐ (2)  Guilty          ☐ (4)  Insanity plea

**TENDERED FOR FILING**

**DEC - 4 2007**

**U.S. DISTRICT COURT**
**Eastern District of Louisiana**
**Deputy Clerk**

Fee _Pauper_
Process_____
☒ Dkd_____
CtRmDep_____
Doc. No _____

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

NO

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury        ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes        ☐ No

8.  Did you appeal from the judgment of conviction?

☒ Yes        ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   LOUISIANA SUPREME

(b) Docket or case number (if you know):

(c) Result:   DENIED

(d) Date of result (if you know):    1983

(e) Citation to the case (if you know):

(f) Grounds raised:
ILLEGAL    SEARCH

(g) Did you seek further review by a higher state court?        ☐ Yes   ☒ No

If yes, answer the following:    NONE

(1) Name of court:    NONE

(2) Docket or case number (if you know):    NONE

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev 12/04)

Page 4

(5) Citation to the case (if you know):     NONE

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):
                    NONE
(4) Citation to the case (if you know):
                    NONE

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:     TWENTY DISTRICT WEST FELICIANA PARISH

(2) Docket or case number (if you know):     UNLAWFULL CUSTODY   07- WCR-383.B

(3) Date of filing (if you know):     OCT 16. 07

(4) Nature of the proceeding:     WRIT OF HEPPUS CORPUS

(5) Grounds raised:     UNLAWFULL CUSTODY

AS TO PETITIONERS   UNLAWFULL CUSTODY CLAIM
NOW BEING HELD ON

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court:                 NO

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

                         NO

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐   Yes   ☒  No

   (7) Result:

   (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

                    NO

AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes      ☒  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?          YES LOUISIANA  SUPREME

(1) First petition:      ☒  Yes      ☐  No

(2) Second petition:   ☐  Yes      ☐  No

(3) Third petition:     ☐  Yes      ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.      UNLAWFULL  COUSTODY

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE:      UNLAWFULL  CUSTODY  AS TO CASE' 92228

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ONCE PETITIONER WAS REALSED OUT OF STATE CUSTODY BY THE STATE ON 7-22-03 IN HIS 1982 ARMED ROBBERY CONVICTION WITCH CARRIED NO PAROLE OR PROBATION. BECAME ILLEGAL ON 7-22-03 WHEN THE STATE GRANTED PETITIONER LIBTARY AND REALSED PETITIONER. AT THE POINT OF THAT REALSE ON 7-22-03 THE STATE AND THE WARDEN LOST ALL CUSTODY RIGHTS TO PETITIONER AS TO CASE 92228 ARMED ROBBERY

AND THE LOUISIANA STATE PAROLE BOARD  WAS WITH OUT JURISDICTION  OR AUTHORTY TO VIOLATE PETITIONERS PAROLE. BECAUSE  ONCE PETITIONER WAS GRANTED LIBERTY AND REALSED ON 7-22-03 THE STATE AND THE WARDEN LOST ALL CUSTODY RIGHTS TO CASE 92228

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 12/04)

Page 7

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

PETITIONER HAS FILED HIS UNLAWFULL CUSTODY CLAIM WITH
THE PARISH WITCH HE IS NOW BEING UNLAWFULLY HELD
SEE   ATTACHED   COPY OF RULEING

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for **habeas corpus** in a state trial court?

☒ Yes    ☒ No
YES

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

TEENTY DISTRICT COURT WEST FELICIANA PARISH
WRIT OF HEABS CORPUS   UNLAWFULL CUSTODY

Docket or case number (if you know):   07-WCB* #'#.  383.B

Date of the court's decision:   OCT.16. TH. 07

Result (attach a copy of the court's opinion or order, if available):

COPY ATTACHED
DISMISSED

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

EASTERN DISTI T

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why **you** did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

PETITIONER  SUBMITS HIS SENTENCE AND CONVICTION OF 1982
BECAME ILLEGAL AND UNLAWFULL AT THE POINT OF REALSE on 7-2203
THE STATE LOST ALL CUSTODY RIGHTS WHEN PETITIONER WAS GRANTED LIBERTY
GROUND TWO:

NONE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

NONE

(b) If you did not exhaust your state remedies on Ground Two, explain why:

NONE

(c)      **Direct Appeal of Ground Two:**
                                                        NONE
         (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes   ☒ No

         (2) If you did not raise this issue in your direct appeal, explain why:

NONE

(d)      **Post-Conviction Proceedings:**                    NONE

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                 ☐  Yes   ☒ No

         (2) If your answer to Question (d)(1) is "Yes," state:
                                              NO
         Type of motion or petition:

         Name and location of the court where the motion or petition was filed:

                                 NO

         Docket or case number (if you know):

         Date of the court's decision:      NO

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                              ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                                          ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:                                                                                              NO

Result (attach a copy of the court's opinion or order, if available):

                                                                                                                                            NO

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why **you did** not raise this issue:

                                                                                                                                    NO

                                                        NO

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

           have used to exhaust your state remedies on Ground Two         NO

                                                        NO

**GROUND THREE:**                        NO

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support **your claim.**):

                                                        NO

✱AO 241
(Rev 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

NONE

(c)     Direct Appeal of Ground Three:                    NO

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☒  No

(2) If you did not raise this issue in your direct appeal, explain why:

NO

(d)     Post-Conviction Proceedings:                      NO

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐     Yes     ☒  No

(2) If your answer to Question (d)(1) is "Yes," state:
NO

Type of motion or petition:        NO

Name and location of the court where the motion or petition was filed:
NO

Docket or case number (if you know):     NO

Date of the court's decision:
NO

Result (attach a copy of the court's opinion or order, if available):

NO

(3) Did you receive a hearing on your motion or petition?            ☐  Yes     ☒  No

(4) Did you appeal from the denial of your motion or petition?       ☐  Yes     ☒  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes     ☒  No

(6) If your answer to Question (d)(4) is "Yes," state:       NO

Name and location of the court where the appeal was filed:   NO

Docket or case number (if you know):                NO

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):      NONE



AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why **you** did not raise this issue:

NONE

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:    NONE

NONE

**GROUND FOUR:**
NONE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support **your** claim.):

NONE

(b) If you did not exhaust your state remedies on Ground Four, explain why:

PETITIONERS ONLY CLAIM IS TO UNLAWFULLY CUSTODY 7-22-03
AS TO CASE 92228 st tammany

(c)    Direct Appeal of Ground Four:    NONE

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes  ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why:    NONE

(d)    **Post-Conviction Proceedings:**    NONE

    (1) Did you raise this issue through a post-conviction motion or petition for **habeas** corpus in a state trial court?

        ☐ Yes  ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:    NO

    Type of motion or petition:  NO

*Name and location of the court where the motion or petition was filed:*

NONE

Docket or case number (if you know):    NONE

Date of the court's decision:    NONE

Result (attach a copy of the court's opinion or order, if available):    NONE

NONE

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:    NO

*Name and location of the court where the appeal was filed:*    NO

Docket or case number (if you know):  NO

Date of the court's decision:    NO

Result (attach a copy of the court's opinion or order, if available):

NO

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

NO

NO

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:    NO

NO

NONE

AO 241
(Rev. 12/04)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   PETITIONERS ONLY CLAIM IS UNLAWFULL CUSTODY WITCH WAS FILED IN THE DISTRICT BEING HELD TWENTY  DISTRICT

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so,
NO
ground or grounds have not been presented, and state your reasons for not presenting them:
NO

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241
(Rev. 12/04)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
        judgment you are challenging:

        NONE

        (a) At preliminary hearing:                                        NONE

        (b) At arraignment and plea:                               NONE

        (c) At trial:                          AS TO THIS CLAIM NONE

        (d) At sentencing:                                    NONE AS TO THIS CLAIM

        (e) On appeal:                        NONE AS TO THIS CLAIM

        (f) In any post-conviction proceeding:                    NONE AS TO THIS CLAIM

        (g) On appeal from any ruling against you in a post-conviction proceeding:
                                            NONE AS TO THIS CLAIM

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
        challenging?              ☒  Yes        ☐  No
        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        ST, TAMMANY PARISH

        (b) Give the date the other sentence was imposed:
        (c) Give the length of the other sentence:    5 YEARS 1983 2 YEARS 1983   ST TAMMANY
        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
        future?              ☐  Yes        ☒  No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
        the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
        PETITIONERS CONVICTION BECAME ILLEGAL AND UNLAWFULL WHEN THE
        PAROLE BOARD VIOLATED PETITIONERS PAROLE ON 4-14-05
        AND RECLAIMED CUSTODY PETITIONER WAS DELAYED IN FILEING HIS CLAIM
        BECAUSE OF THE 05- STORM

AO 241
(Rev. 12/04)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

PETITIONER RESPECTFULLY   REQUEST TO BE REALSED FROM UNDER HIS
1982 CONVICTION AND SENTENCE 92228
BECAUSE IT IS UNLAWFULL

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____11-29-07_____ (month, date, year).

Executed (signed) on _____11-29-07_____ (date).

Cliton E. Beel 101127#
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____MCS_____

* * * * *

IN AND FOR THE UNITED STATES
EASTERN DISTRICT COURT OF LOUISIANA

CLINTON E BELL. 101127                          CASE. 92228

VERSUS                                          ST. TAMMANY PARISH.

WARDEN LOUISIANA STATE PRISON
STATE OF LOUISIANA.

APPEAL FROM THE 20 th. DISTRICT COURT
WEST. FELICIANA PARISH CASE. 07 - WCR 383 B

PETITIONER CLINTON E BELL FILED HIS PETITION FOR WRIT OF HEABUS
CORPUS WITH THE 20 th DISTRICT COURT IN WEST FELICIANA PARISH
WITCH HE IS BEING UNLAWFULLY HELD ON OCT. 16.2007.
REALIF WAS NOT GRANTED. THREE DAYS AFTER THE FILEING PETITIONER
PETITION WAS DISMISSED OCT.19. 2007. IT IS THIS RULEING PETITIONER
NOW APPEALS TO THIS HONORABLE COURT OF THE EASTERN DISTRICT.

PETITION, FOR, WRIT, OF, HEAPUS CORPUS
JURISIDICTION

JURISIDICTION IS VESTDE IN THIS HONORABLE COURT OF THE UNITED
STATES EASTERN DISTRICT OF LOUISIANA BY MEANS OF THE C.C.P.
AS WELL AS THE CONSTITUTION OF THE UNITED STATES.

PETITIONER CASE IS CONTROLLED BY ART. 362. C.C.P. OF LOUISIANA
AS WELL AS R.S. 15.574.4 AS WELL AS PETITIONERS DUE PROCESS RIGHTS

STATEMENT OF FACTS

ON MARCH 10 th. 1982 PETITIONER WAS CONVICTED OF VOILATION OF R.S.
14.64. ARMED ROBBERY AND ON MAY 17.th.1982. PETITIONER WAS SENTENCED
TO SERVE 99 YEARS IN PRISON WITH NO PAROLE OR PROBATION BY THE
HONORABLE CLAYTON JAMES OF THE TWENTY SECOND DISTRICT COURT ST.TAMMANY

THE LOUISIANA LEGISITURE HAS SCINCE PASSED R.S. 15.574.4 NOT WITH
STANDING THE PROVISIONS OF PARAGPH. 1-A OR ANY OUTHER LAW TO THE
CONTRY UNLESS OUTHER WISE ELLIGABLE AT AN EARLIER DATE A PERSON
COMITTED TO THE DEPARTMENT OF PUBLIC SAFTY AND CORRECTIONS FOR A TERM
OF THIRTY YEARS OR MORE WITH OR WITH OUT PAROLESHALL BE COME ELLIGABLE
FOR PAROLE CONSIDERATION AFTER SERVEING TWENTY YEARS IN ACTUAL
CUSTODY AND REACHING THE AGE OF FORTY FIVE.

PETITIONER WAS REALSED ON PAROLE ON 7.22.03.DUE TO THE PASSING OF R.S.
15.574.4 ON HIS ARMED ROBBERY CONVICTION AND SENTENCE
R.S. 14.64. MAY 17.th. 1982. SENTENCE

TENDERED FOR FILING

NOV 13 2007

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk



IN AND FOR THE UNITED
STATES EASTERN DISTRICT
COURT OF LOUISIANA

CLINTON E BELL
VERSUS
WARDEN LOUISIANA STATE PRISON
STATE OF LOUISIANA

CASE. 92228
-07- W*C*R* 383. B.

*****************************************************************
**CLAIM AND ARGUMENT**
*****************************
PETITIONER SUBMITS TO THIS HONORABLE COURT WHEN THE LOUISIANA
LEGISLATURE PASSED IN TO LAW R.S. 15.574.14. WITCH MADE THE
PETITIONER PAROLE ELLIGABLE ON HIS 1982 ARMED ROBBERY CONVICTION
AND SENTENCE R.S. 14.64. JUST THE PASSING OF R.S. 15.574.14,
BY THE LEGISLATURE DID NOT MAKE THE PETITIONERS CONVICTION AND
SENTENCE FOR ARMEND ROBBERY ILLEGAL OR UNLAWFULL

HOW EVERE WHEN PETITIONER WAS ACTUALY REALSED ON PAROLE SET AT LIBERTY
BY THE WARDEN AND THE STATE PAROLE POARD ON 7-22-03. ON HIS ARMED
ROBBERY CONVICTION AND SENTENCE OF 1982.CASE 92228
THE STATE WARDEN AND THE STATE GAVE UP ANY FUATHER CUSTODY RIGHTS
AS TO THAT CONVICTION AND SENTENCE OF 1982 CASE 92228

THE GRANTING OF LIBERTY TO THE PETITIONER ON 7-22-03 AS TO CASE
92228   REALSED HIM FROM THE COURT ORDER OF JUDGE JAMES MAY 17. 1982
SENTENCE THAT SAID NO PAROLE OR PROBATION, PETITIONER WAS GRANTED
LIBERTY BY THE WARDEN AND THE STATE ON 7.22.03.BE CAUSE THE PASSING
OF R.S. 15.574.14. WITCH HAD TO SUPER SEED THE 1982 COURT ORDER
OF JUDGE JAMES THE PETITIONER WAS SET AT LIBERTY ON 7.22.03.
SO ANY FUATHER COUSTODY IS ILLEGAL AND UNLAWFUL BY THE WARDEN OR
THE STATE OF LOUISIANA  AND IS IN VILATION OF PETITIONERS DEE PROCESS
TIGHTS AS WELL AS HIS CONSTITUTIONAL RIGHTS

AND PETITIONER SUBMITS THE STATE PAROLE BOARD IS WITH OUT ANY
AUTHORTY TO ISSUE A  WARRANT AND  TRY TO RECLAIM CUSTODY
OF PETITIONER BE CAUSE ONCE THE WARDEN AND THE STATE GRANTED
PETITIONER LIBERTY AND REALSED HIM ON 7.22.03. ON CASE 92228
FROM UNDER THE NO PAROLE OR PROBATION COURT ORDER OF JUDGE CLAYTON
JAMES OF MAY 17 th 1982. CASE 92228 THE WARDEN AND THE STATES
CUSTODY RIGHTS AS TO THAT CASE 92228 WERE LOST AND NO LONGER VALID
PETITIONER RESPECTFULLY SUBMITS TO THIS HONORABLE COURT PETITIONER
CLINTON E BELL HAS PROVEN HIS CUSTODY IS UN LAWFULL AND ILLEGAL,
BY MEANS OF ART 362. OF THE C.C.P. AND HIS DUE PROCESS RIGHTS
AND RESPECTFULLY REQUEST THIS HONORABLE COURT GRANT LIBERTY
BY ORDERING THE WARDEN OF THE LOUISIANA STATE PRISON AT ANGOLE
TO REALSE PETITIONER FROM CUSTODY AS TO CASE 92228

2

IN AND FOR THE UNITED STATES
EASTERN DISTRICT COURT OF LOUISIANA

CLINTON E BELL.
    VERSUS
WARDEN LOUISIANA STATE PRISON ANGOLA,
STATE OF LOUISIANA,                                CASE,     92228
                                                        W.C.R. 383.3

MEMORDUME  IN SUPPORT
OF WRIT OF  HEABUS  CORPUS

PETITIONER SUBMITS HIS CASE IS UNLIKE THE CASE OF STATE V.S.DICK
1/26/07/ 16.KF.2222.LA. WHERE THE COURT RULED THAT THE NEW STATUT
WAS JUST AN ENACTMENT OF THE  OLD STATUT DICK WAS ALL READY SERVEING

R.S.15.574.14.IS VERRY CLEAR TO ITS MEANING THROW THE LANGUAGE
AND IS NOT AN ENACTMENT BUT A LAW TO ITS SLEP. CONTARY TO ANY
OUTHER LAW.

C.C.P. ART. 362. STARES IF A PERSON IN CUSTODY IS BEING HELD BY VIRTUE
OF A COURT ORDER RELIEF SHALL BE GRANTED ONLY ON THE FOLLOWING GROUND
THE ORIGINAL CUSTODY WAS LEGAL BUT BY SOME ACT OMMISSION EVENT WITCH
HAS SCINCE OCCURED THE CUSTODY HAS BECAME ILLEGAL OR UNLAWFULL
THE DUEPROCESS CLAUSE APPLIES WHEN GOVERMENT ACTION DEPRIVES A PERSON
OF LIBERTY OR PROPERTY. ACCORDINGLY WHEN THERE IS A CLAIMED DENIAL
OF DUE PROCESS.

PETITIONER SUBMITS THE STATE PAROLE BOARD WAS WITH OUT AUTHORITY
TO VIOLATE HIS SAID PAROLE IN CASE 92228,BECAUSE WHEN THE WARDEN,
AND THE STATE PAROLE BOARD GRANTED PETITIONER LIBERTY AND REALSED
HIM FROM THERE CUSTODY ON 7/22.03/ ON CASE 92228. FROM THE COURT
ORDERED CONVICTION AND SENTENCE OF NO PROBATION OR PAROLE BY JUDGE
CLAYTON JAMES OF MAY 17/1982. CASE 92228.ARMED ROBBERY AT THAT POINT
OF REALSE ON 7/22.03. THE" STATE GAVE UP ANY FUATHER CUSTODY RIGHTS
TO CASE 92228.ARMED ROBBERY AND THERE FOR THE STATE PAROLE BOARD
THE WARDEN STATE OF LOUISIANA HAD NO AUTHORITY TO ISSUE AN ARREST
WARRANT FOR PAROLE VIOLATION OR TO RE TAKE PETITIONER IN TO CUSTODY
AS TO CASE 92228. RENDERING PETITIONERS CURRENT CUSTODY UNLAWFUL
AND IN VIOLATION OF PETITIONERS DUE PROCESS RIGHTS

PETITIONER SUBMITS JUDGE JAMES COURT ORDERED SENTENCE OF MAY 17 th 1982
IS A CONTRACT BY THE STATE  NO PROBATION OR PAROLE AND ONCE THE STATE
GRANTED PETITIONER LIBERTY AND REALSED HIM ON 7/22.03. THE STATE BROKE
THAT CONTRACT OF JUDGE JAMES AND PETITIONERS CONVICTION AND SENTENCE
OF MAY 17/1982. BECAME IN VALID AND THE WARDEN OR STATE PAROLE BOARD
HAS NO AUTHORITY TO HOLD PETITIONER IN THERE CUSTODY AS TO CASE 92228.

IN AND FOR THE UNITED STATES
EASTERN DISTRICT COURT OF LOUISIANA
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

CLINTON E BELL.

    VERSUS

WARDEN LOUISIANA STATE PRISON ANGOLA
STATE OF LOUISIANA.

CASE____92228_____

07-WCR-383-B

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

RELIEF   REQUESTED

PETITIONER   RESPECTFULLY REQUEST THIS HONORABLE COURT OF THE EASTERN ~~DISTRIC~~
DISTRICT ORDER THE WARDEN OF THE LOUISIANA STATE PRISON AT ANGOLA
TO IMMEDLATLEY REALSE PETITIONER CLINTON E BELL FROM CUSTODY
AS TO CASE ("""".92228. BASED ON THE FACTS AND APPLICABLE LAWS
OF THIS HONORABLE COURT AND STATE OF LOUISIANA TO STOP ANY
FUATHER UNLAWFUL CUSTODY AND CONFINMENT OF PETITIONER

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

RESPECTFULLY  10/12/7

ORDER   OF   COURT
_____

IT IS SO ORDERED BY THIS COURT OF THE EASTERN DISTRICT OF LOUISIANA
THAT THE WARDEN OF THE LOUISIANA STATE PRISON ANGOLA IMMEDIATLY
REALEE THE PETITIONER CLINTON E BELL FROM HIS CUSTODY AS TO CASE 92228
DONE AND ORDERED THIS -----DAY OF ------2008.

_____
EASTERN DISTRICT JUDGE

AFFIDAVIT
* * * * * * * * * * * * *

I CLINTON E BELL SWEAR AND STATE UNDER THE PENALTY OF PERJURY THAT
ALL STATEMENTS CONTAINED HERE IN ARE TRUE AND CORRECT TO THE BEST
OF HIS KNOWLEDGE AND A TRUE AND CORRECT COPY HAS BEEN MAILED TO THE
CLERK OF THE EASTERN DISTRICT COURT IN NEW ORLEANS LOUISIANA
ON THIS 6th DAY OF Nov 2007.

(4)





## Department of
# PUBLIC SAFETY AND CORRECTIONS

KATHLEEN BARINEAUX BLANCO,
GOVERNOR

RICHARD L. STALDER, SECRETARY

Louisiana Parole Board
Telephone: (225) 342-6622

504 Mayflower St.
P.O. Box 94304 Capital Station
EQUAL OPPORTUNITY EMPLOYER

Baton Rouge, LA 70802
Fax: (225) 342-3087

### PAROLE REVOCATION DECISION

Name: Clinton Bell HOO     DOC #: 101127     04/14/2005

Did you request appointed counsel at your preliminary hearing?   Yes   NO

Do you request appointed counsel at you revocation hearing?   Yes   NO

Is subject eligible for appointed counsel?     Yes   NO

Counsel   Appointed   Retained   for final hearing?   Yes   NO

Name: _____

Witnesses who testified:_____

The Parole Board is conducting a revocation hearing as you are accused of violating the conditions of your parole as follows:

Plea:

6

8. You were convicted of a new felony (Uttering, under Case 310-2004-CF-1214), offense date: 7/23/04, in Clay County, State of Florida.

Finding:

6

(7)

CLINTON E. BELL

VERSUS

WARDEN, LOUISIANA STATE PRISON

NUMBER 07-WCR-383 DIVISION B

20TH JUDICIAL DISTRICT COURT

PARISH OF WEST FELICIANA **FILED**

STATE OF LOUISIANA

FILED

OCT 1 6 2007

_Felicia Ann Hurll_
Dy. Clerk of Court

Judgment

Petitioner was convicted of armed robbery and, on May 17, 1982, was sentenced to ninety-nine years at hard labor in the custody of the Department of Corrections. He was released on parole on July 22, 2003. His parole was revoked on January 26, 2005 because he was convicted of another felony while on parole. He is now serving the remainder of the original sentence at the Louisiana State Penitentiary at Angola. He claims that though his original custody was lawful, an intervening event has occurred rendering his current custody unlawful. This, he alleges, brings his petition within the ambit of Code of Criminal Procedure Article 362.

Petitioner alleges that the triggering event making his current incarceration unlawful was his release on parole. He alleges that, after his release on parole, the original sentence of ninety-nine years "was no longer valid." No authority is cited for that proposition and it lacks merit.

Petitioner also alleges that the action of the Parole Board in revoking his parole for a felony conviction violated his due process rights. Such a claim also lacks merit. _Lay v. Louisiana Parole Board_, 741 So. 2nd 80 (La. App. 1st Cir 1991), rehearing denied, writ denied 749 So. 2nd 657.

A court may deny an application for a writ of habeas corpus if it appears from the petition or annexed documents that the person in custody is not entitled to be set at liberty. La. Code Crim. P. art. 354. _State ex rel. Barksdale v. Dees_, 252 La. 434, 211 So. 2nd 318 (1968). The petition and attachments show that the petitioner is not entitled to be set at liberty.

For the above reasons:

IT IS ORDERED, ADJUDGED AND DECREED that the petition of Clinton E. Bell filed on October 11, 2007 is DISMISSED.

JUDGMENT READ, RENDERED AND SIGNED this 16th day of October, 2007 at St. Francisville, Louisiana.

William G. Carmichael
Judge, Division B

Please notify the applicant.

CERTIFIED
TRUE COPY

OCT 1 9 2007

_Felicia Ann Hurll_
Dy. Clerk of Court

STATE OF LA.

VS. #92228

KELLY L. BISHOP a/k/a
CLINTON EDWARD BELL

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

EXTRACT OF MINUTE ENTRY
-------------------------
MONDAY, MAY 17, 1982

The defendant being present in open Court attended by
his Counsel, S. Austin McElroy and having previously been
found guilty by Jury of armed robbery, Court ordered the
following sentence be imposed:

KELLY L. BISHOP a/k/a CLINTON EDWARD BELL, having
declared that he is 23 years of age and having previously
been found guilty of unlawfully violated R.S. 14:64 by
robbing Wendy Denise Meyn at the Race Trac Service Station
in Slidell while armed with a dangerous weapon, towit: a
gun, Court at this time sentences him to serve a period of
ninety-nine (99) years at hard labor under the Department of
Corrections of the State of Louisiana, without benefit of
probation, parole or suspension of sentence.

Defense Counsel at this time advised the Court of his
intention to file a Motion and Order of Appeal in this
matter.

A. CLAYTON JAMES

JUDGE, DIVISION "E"

A TRUE EXTRACT

_Laura D Bass_
Deputy Clerk, 22nd Jud. Dist. Court
St. Tammany Parish, La.

( / )

%AO 240  (EDLA Rev. 8/02)

# UNITED STATES DISTRICT COURT

### Eastern District of Louisiana

WArden Louisiana State Prison
State of Louisiana

_____
Plaintiff

V.

Clinton E Bell    101127
_____
Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER:

I, Clinton Bell    101127 _____, declare that I am the (check appropriate box)

[✓] petitioner/plaintiff/movant          [ ] other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?          [✓] Yes          [ ] No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration   L.S.P. Angola

    Are you employed at the institution?   NO   Do you receive any payment from the institution?

    Have the institution certify the Statement of Account portion of this affidavit or attach a certified ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2.  Are you currently employed?          [ ] Yes          [✓] No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.
        2003

3.  In the past 12 twelve months have you received any money from any of the following sources?

    | | | Yes | No |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | [ ] | [✓] |
    | b. | Rent payments, interest or dividends | [ ] | [✓] |
    | c. | Pensions, annuities or life insurance payments | [ ] | [✓] |
    | d. | Disability or workers compensation payments | [ ] | [✓] |
    | e. | Gifts or inheritances | [✓] | [ ] |
    | f. | Any other sources | [ ] | [✓] |

    If the answer to any of the above is "Yes", describe each source of money and state the amount received and what you expect you will continue to receive.

    Gifts From time to Time From Family
    maybe Sall in last year.

AO 240 Reverse (EDLA Rev. 8/02)

4. Do you have **any** cash or checking or savings accounts?  ☐ Yes  ☒ No

   If "Yes," state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?  ☐ Yes  ☒ No

   If "Yes," describe the property and state its value.

   *NO*

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

   Name                Relationship              Amount Contributed for Support

   *NONE*

I declare under penalty of perjury that the above information is true and correct.

11/18/07         Clinton E. Bell   101127
Date                       Signature of Applicant

---

## STATEMENT OF ACCOUNT
(Certified Institutional Equivalent)
(To be completed by the institution of incarceration)

I hereby certify that this inmate, Clinton Bell #101127 , has a present inmate
account balance of $ 4.71 at the LSP institution. I further certify
that the average monthly deposits for the preceding six months is  $ 10.93

*(The average monthly deposits are to be determined by adding the deposits made during a given month and dividing the total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is divided by six).*

I further certify that the average monthly balance for the prior six months is  $ 3.73

*(The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the number of days in that month. This is to be repeated for each of the six prior months. The balance from each of the six months are to be added together and the total is to be divided by six).*

**DATE**

Date Certified
**NOV 1 9 2007**

**CERTIFIED**

Melina Mendez
Authorized Officer of Institution

Clinton Bell 101127
Camp D-Falcon 3-
Louisiana State Prison
Angola, CA-20712,

Clerk of Court,
United States Eastern
District of Louisiana
500 Poydras Street
New Orleans, LA. 70130