## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**CLINTON BELL**                                                **CIVIL ACTION**
**La. DOC # 101127**

**VERSUS**                                                        **NO. 07-9369**

    **WARDEN LOUISIANA STATE PRISON**                        **SECTION N(6)**


### MEMORANDUM OF AUTHORITIES IN SUPPORT OF ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS BY STATE PRISONER

May it Please the Court,

### PROCEDURAL HISTORY

The instant writ application involves a revocation of parole. The petitioner was originally convicted of armed robbery in violation of La. R.S. 14:64. This was in St. Tammany case number 92228.  Petitioner was sentenced to ninety-nine years in prison on May 17, 1982. Petitioner filed an appeal and various writs in that matter, but his conviction and sentence stood.

After a little over twenty-one years in prison, petitioner was released on parole, on July 22 2003. One year later, on July 23, 2004, petitioner was arrested on a new felony charge in Clay County, Florida. On October 25, 2004, petitioner was convicted on the felony charge of Uttering, by forged counterfeit note, bank bill check or draft, in violation of Florida Statute 831.09.

As a result, petitioner's parole in Louisiana was revoked on January 26, 2005. Petitioner's application herein involves the revocation of his parole pursuant to La. R.S.

15:574.10, which provides that parole shall be revoked as of the date of the commission of a felony in any state of the United States..

Petitioner does not contest that he committed another felony. Petitioner argues that the parole board was without jurisdiction or authority to revoke his parole, once he was released out of state custody. Therefore, petitioner asserts that his present custody is unlawful.

**TIMELINESS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his claims for federal habeas corpus relief pursuant to 28 U.S.C. 2254 within one (1) year of the date on which the conviction or sentence became "final". Under AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.

Petitioner's application herein involves two sets of dates. They are, the original conviction of armed robbery for which petitioner received a ninety-nine year sentence, and the felony conviction while petitioner was on parole.

Petitioner's original conviction is so old, that many of the courts do not maintain the dates of filing of the various appeals and writs in their databases. These dates are not relevant to the timeliness of the filing of the instant application. However, the following is a basic outline of the procedural history relative to petitioner's original conviction.

Petitioner was convicted of armed robbery on March 10, 1982. He thereafter filed appeals to the Louisiana Supreme Court (82-KA-2029 and 84- KA-1490). Petitioner's conviction and sentence were affirmed. Petitioner then filed writs to the Louisiana Supreme Court (84-KH-1490) on August 6, 1984. These writs were denied.

Petitioner filed an application for Writ of Habeas Corpus with the federal district court which was denied on July 16, 1986. Petitioner thereafter filed an application for post conviction

relief with the trial court on December 14, 1989. That application was denied. Petitioner thereafter appealed to the Federal Fifth Circuit Court of Appeals. This appeal was denied.

Petitioner later filed writs to the Supreme Court (90 KH 1779) on August 3, 1990. Those writs were denied on September 20, 1991. Later, petitioner filed a "Motion to vacate illegal sentence" with the trial court on May 20, 1999. That motion was denied on June 3, 1999. Petitioner then filed another application for post conviction relief with the trial court on June 9, 1999. That application was denied on June 29, 1999.

There is no need to count the time tolled on the original conviction. It has been over eight years since anything has been filed as to the original conviction and sentence in this case. As such, anything that would be filed relative to the original conviction and sentence with this honorable court would be untimely filed.

This central issue in the instant writ of habeas corpus, is the revocation of petitioner's parole. Petitioner was released from prison on parole on July 22, 2003. Petitioner was convicted of armed robbery on March 10, 1982 and sentenced to ninety-nine years in prison on May 17, 1982. Thereafter, petitioner spent over twenty-one (21) years in prison until he was released on parole on July 22, 2003.

Exactly one year later, petitioner was arrested on a felony charge in Clay County Florida, on  July 23, 2004. Petitioner was later convicted on the felony charge of Uttering, by forged counterfeit note, bank bill, check or draft, in violation of Florida Statute 831.09. Petitioner was convicted on the Florida charge on October 25, 2004.

Pursuant to Louisiana R.S. 15: 574.10, "parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction."  As such, petitioner's parole was automatically revoked on July 23, 2004, the date of the Florida offense.

Petitioner's parole was formally revoked by the Louisiana parole board on January 26, 2005. The parole board thereafter held a revocation hearing on February 10, 2005. The final revocation decision was made on April 14, 2005.

Pursuant to Louisiana R.S. 15:574.11(D) , petitioner had ninety (90) days from the date of the actual conviction of the felony in Florida to petition to review the decision to revoke parole by the parole board. Petitioner did not file a petition to review. The pre-emptive period for review of the parole revocation ran on January 23, 2005. As such, the revocation became final on January 23, 2005.

Nothing at all was filed in this case until June 28, 2005, when petitioner filed a Motion to Reconsider with the trial court. As a result, one hundred sixty-six (166) days tolled against petitioner pursuant to "AEDPA". The Motion to Reconsider was denied as untimely, on July 27, 2005.

Nothing was filed in this case until over two years later on October 11, 2007, when petitioner filed a Petition for Writ of Habeas Corpus with the court in West Feliciana parish (Case number 07-WCR-383), where he is incarcerated. As a result, seven hundred and six (706) days tolled against petitioner under "AEDPA". The petitioner for writ of habeas corpus was denied on October 16, 2007.

Thirteen days (13) tolled against petitioner under "AEDPA" before petitioner filed a Motion to Correct Illegal Sentence with the trial court on October 29, 2007. That Motion was denied as untimely on November 5, 2007.

A month later, petitioner filed the instant application for writ of habeas corpus on December 4, 2007. Twenty-eight days tolled against petitioner under "AEDPA" after the denial of the Motion to Correct Illegal Sentence.

All tolled, eight hundred eighty five  (885)days accrued against petitioner under "AEDPA" before the filing of the instant application for writ of habeas corpus. As such, this application for writ of habeas corpus is not timely filed.

### EXHAUSTION

Applicants seeking habeas corpus review are required to exhaust all claims in state court prior to requesting federal collateral relief. *Fisher v. Texas*,  169 F. 3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F. 3d 383, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court.  *Fisher*, 169 F.3d at 302, *Whitehead*, 157 F. 3d at 387.

Pursuant to La. R.S. 15:574.11(A), petitioner does not have, "a right of appeal from a decision of the board regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole before the end of the parole period, or the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9".  Petitioner was not denied a parole hearing. (See, letters attached to petitioner's application herein relative to the revocation hearings.)

Petitioner never filed anything with a Louisiana Court of Appeal or the Louisiana Supreme Court relative to the revocation of petitioner's parole in 2005. This was because petitioner had no right to appeal the decision to revoke parole. As such, the lack of an appeal in this instance cannot be considered a failure to meet the exhaustion requirement under "AEDPA".

Petitioner did file a Motion to Correct Illegal Sentence (See Record, case #92228) with the trial court after the revocation of probation. Petitioner also filed a petition for writ of habeas

corpus in Feliciana Parish, (See this document, attached to Record by counsel) where petitioner is incarcerated. As such, the exhaustion requirement has been met in this case.

### STANDARD OF REVIEW

The AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. §2254. Amended subsections 2254 (d) (1) and (2) contain revised standards of review for questions of law, questions of fact, and mixed questions of fact and law. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under §2254 (d) (1) and questions of fact are reviewed under §2254 (d) (2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of fact and law, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S. C.§ 2254 (d) (1). The United States Supreme Court has noted:

> §2254 (d) (1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, of if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular cases. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2000) that an unreasonable application is different from an incorrect one.

> *Bell v. Cone*, 535 U.S. 685, 694 (2002)

A federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S. C. § 2254 (d) (2); *Hill v. Johnson*, 210 F.3d 481,485 (5th Cir. 2000) *cert. denied*. 532 U.S. 1039 (2001).

### FACTUAL BACKGROUND

  The petitioner was originally convicted of armed robbery in violation of La. R.S. 14:64, on March 10, 1982. This was in St. Tammany case number 92228.  Petitioner was sentenced to ninety-nine years in prison on May 17, 1982. The trial court's minute entry for May 17, 1982 states that the sentence was at hard labor without benefit of probation, parole or suspension of sentence.

  After serving over twenty-one years of his sentence, petitioner was released on parole, on July 22, 2003. One year later, on July 23, 2004, petitioner was arrested on a new felony charge in Clay County, Florida. On October 25, 2004, petitioner was convicted on the felony charge of Uttering, by forged counterfeit note, bank bill check or draft (third degree) in violation of Florida Statute 831.09.

  As a result of the Florida felony charge and conviction, petitioner's parole in Louisiana was revoked on January 26, 2005. Petitioner's instant application for writ of habeas corpus involves the revocation of his Louisiana parole.  Louisiana Revised Statute 15:574.10 provides that, "parole shall be revoked as of the date of the commission of a felony in any state of the United States." Petitioner is now serving the remainder of his original ninety-nine (99) year sentence at the Louisiana State Penitentiary in Angola, Louisiana.

### CLAIM #1

Petitioner does not contest that he committed and was convicted of another felony in Florida. Further, petitioner admits that his original custody was lawful.

However, petitioner asserts that an intervening event occurred rendering his present custody unlawful. Petitioner alleges that the triggering event that makes his current incarceration unlawful, is his release on parole. He alleges that, after his release on parole, the original ninety-nine (99) year sentence was no longer valid.

Petitioner alleges that this unlawful custody brings his petition within the ambit of Louisiana Code of Criminal Procedure Article 362.  It does not.

Louisiana Code of Criminal Procedure Article 362 provides seven bases of relief to a person being held in custody pursuant to a court order. Petitioner is arguing that he is being unlawfully held based on a violation of his due process, constitutional rights. There is nothing under Article 362 that provides relief to petitioner.  Petitioner's parole was revoked based on a mandatory provision requiring revocation for the conviction of a felony while on parole.

As stated above, La. R.S. 15:574.10 provides, in part, that, "parole <u>shall</u> be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction". (emphasis added) This is the provision which specifically relates to petitioner's custody revocation. Petitioner provides no authority to demonstrate that Article 362 is applicable to his circumstance.

Petitioner argues that the parole board was without jurisdiction or authority to revoke his parole once he was released from state custody, based on Louisiana Revised Statute 15:574.4. And, that his due process rights have been violated based on his illegal sentence and unlawful

custody. This argument is without merit. Again, petitioner provides no authority to demonstrate that La. R.S. 15:574.4 applies to the circumstance herein.

Pursuant to La. R.S. 15:574.10, the revocation of parole upon subsequent conviction of a felony while on parole, is mandatory. *Lay v. Louisiana Parole Board,* 741 So. 2d 80 (La. App. 1st Cir. 1991), rehearing denied, writ denied 749 So. 2d 657.  The Louisiana Supreme Court has held that La. R.S. 574.10 is constitutional. *State ex rel. Bertrand v. Hunt*, 325 So. 2d 788 (La. 1976). As the Court explained in *Bertrand*,

> Under the statute, the conviction itself is conclusive that realtor committed acts that per se constitute a violation of parole. The mandatory language precludes the exercise of discretion on the part of the parole board.

*State ex rel Bertrand*, 325 So. 2d at 790.

Additionally, the United States Fifth Circuit Court of Appeals has held that the automatic parole revocation provision of La. R.S. 15:574.10 does not violate due process. *Pickens v. Butler,* 814 F. 2d 237, 241 (5th Cir. 1987) cert denied, 484 U.S. 924, 108 S. Ct. 284, 98 L. Ed. 2d 245 (1987). It is only where the factfinder has discretion to continue parole, that the parolee is entitled to show an excuse for violation of his parole or that the revocation is not appropriate. *Black v. Romano*, 471 U.S. 606, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985).

The parole board had no discretion in the instant case. When petitioner committed another felony in Florida, the mandatory provisions of La. R.S. 15:574.10 were activated. Petitioner's parole had to be revoked. As such, there is no basis to claim a lack of due process in this case. This application for writ of habeas corpus should be denied.

## CONCLUSION

All of the arguments by petitioner herein are without merit.  The petitioner did not show that the parole board violated any of petitioner's constitutional rights, or that his present custody is in any way unlawful.

There is no need for a federal evidentiary hearing. The record in this case is sufficient for the determination of the issues presented in the instant writ.

Respectfully Submitted,

"/s/" Patricia Nalley Bowers
_____
PATRICIA NALLEY BOWERS
Trial Attorney
Louisiana Bar Roll Number 3341

Special Counsel
St. Tammany District Attorney
Bowers & Bowers
201 St. Charles Avenue
Suite 2505
New Orleans, LA 70170
(504) 522-3340
bowersfirm@hotmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that a copy of the forgoing has been served on the opposing party herein:

Clinton Bell
Camp D-Falcon 3
Louisiana State Prison
Angola, Louisiana 70712

By placing same in the United States mail, postage prepaid this 3rd day of March, 2008 and electronically filing with the clerk of court.

"/s/" Patricia Nalley Bowers
_____
Patricia Nalley Bowers