# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINTON BELL, # 101127** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9369** |
| **WARDEN, LOUISIANA STATE PRISON** | **SECTION "N" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636 (b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. For the reasons which follow, the Magistrate Judge issues this Report and Recommendation in accordance

with the applicable law, hereby recommending that the instant application for federal *habeas corpus* relief be **DENIED WITH PREJUDICE AS MOOT.**[1]

## PROCEDURAL HISTORY

This habeas action involves a challenge to the revocation of petitioner, Clinton Bell's, parole on January 26, 2005.[2] Bell claims that once the State released him on parole in July of 2003, the State relinquished all rights to reclaim custody of him for a parole revocation.[3]

When the instant action was filed, petitioner was a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Petitioner was convicted of armed robbery on March 10, 1982.[4] Petitioner then appealed to the Louisiana Supreme Court on April 15, 1983.[5] Petitioner's conviction and sentence were

---

[1] The court wishes to acknowledge the assistance of C. Hagerty, a third-year law student at Tulane Law School, who assisted in the research and preparation of this decision.

[2] See Rec. Doc. 1, Petition.

[3] Rec. Doc. 1, attached "Claim and Argument" at p. 17 of 25.

[4] Bell was found guilty by a jury of armed robbery, a violation of La. R.S. 14:64, on March 10, 1982 in St. Tammany Parish, 22nd Judicial District Court, Case # 92228. On May 17, 1982, Bell was sentenced to serve ninety-nine years at hard labor without the benefit of probation, parole, or suspension of sentence. As will be explained further herein, he has twice been paroled on this charge, first on July 22, 2003, and next on November 17, 2008.

[5] A copy of writ application, 82-KA-2029, can be found in State Rec. vol. 1.

affirmed and thus became final in 1983.[6] Petitioner subsequently pursued various forms of post-conviction relief in the state courts, culminating with a writ of denial by the Louisiana Supreme Court on November 16, 1984.[7]

Petitioner then filed his first application for writ of habeas corpus with this court, which was docketed on July 16, 1986.[8] This application was dismissed on October 28, 1986 and petitioner's subsequent appeal to the U.S. Fifth Circuit was also dismissed "for want of prosecution for failure of appellant to file the brief within time fixed."

Petitioner then continued to file for post-conviction relief without success in the state courts until 1999. However, while petitioner was incarcerated, the state parole laws were amended, and petitioner, who originally had been sentenced to a term of ninety-nine years, became eligible for parole. Petitioner was, in fact, paroled on July 22, 2003 after serving over twenty-one years in prison.[9]

---

[6]*State v. Bell*, 430 So.2d 669 (Table)(La. 4/15/1983), referenced in Federal Rec. Doc. 9-2, p. 2.

[7]*State ex rel. Bell v. Blackburn*, 460 So.2d 603 (La. 11/16/1984) (84-KH-1490), a copy of which can be found in State Rec. vol. 1.

[8]*Clinton Edward Bell,* a/k/a *Kelly Bishop v. Frank Blackburn, Warden*, 86-2968 "H".

[9]*See* State Response, Federal Rec. Doc. 9-2, p. 3. See also "Certificate of Parole," included in Rec. Doc. 10, "Answers to State's Response."

3

On July 23, 2004, petitioner was arrested on a felony charge in Clay County Florida.[10] On October 21, 2004, petitioner entered a plea of guilty to one felony count of uttering a forged instrument (Section 831.09 of Florida Statutes).[11] Pursuant to the negotiated plea, petitioner was adjudicated guilty and sentenced to fifty-four days in custody (with credit for fifty-four days served) and ordered to pay restitution of $1,361.[12]

At the time of the Florida plea and conviction, petitioner was still on parole for the armed robbery conviction in Louisiana.[13] As a result of the Florida conviction, petitioner's parole was formally revoked by the Louisiana Parole Board on January 26, 2005.[14] The Parole Board thereafter held a revocation hearing on February 10, 2005.[15] The final revocation decision was made on April 14, 2005,[16] after which, petitioner was sent back to Louisiana State prison at Angola, Louisiana to serve out the remainder of his term of ninety-nine years.

---

[10] *See* State Response, Federal Rec. Doc. 9-2, p. 3.

[11] *See* Federal Rec. Doc. 10, p. 7.

[12] *See* Federal Rec. Doc. 11-2, p. 1.

[13] *See* Federal Rec. Doc. 11-2, p. 1.

[14] *See* Federal Rec. Doc. 9-2, p. 4.

[15] *See* Federal Rec. Doc. 9-2, p. 4.

[16] *See* Federal Rec. Doc. 10, p. 4.

Upon having his parole revoked, and upon being incarcerated in Louisiana again, petitioner filed a motion for reconsideration or reduction of sentence in the Twenty Second Judicial District Court for St. Tammany Parish,[17] which was denied as untimely.[18] After further motions to correct an illegal sentence were denied as untimely in state court, petitioner then filed the instant federal action for writ of habeas corpus with this Court on December 4, 2007, signing it on November 29, 2007.[19] Although the instant federal petition is petitioner's second federal habeas, it is not successive.[20]

---

[17]The motion was signed by Bell on June 24, 2005 and stamped as filed on June 28, 2005. *See* State Court Rec. vol. 1 for a copy of the motion.

[18]*See* State Court Rec. vol. 1 for a copy of the decision.

[19]*See* State Court Rec. vol. 1 for a copy of the motion. November 29, 2007 is considered to be the filing date, as ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[20]A petition is not successive merely because it follows an earlier one. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Instead, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* The instant petition does not challenge Bell's conviction or sentence, claims which formed the basis for his prior petition. His claims here challenge his parole revocation. These claims were not and could not have been raised in an earlier petition. Accordingly, this petition is not a prohibited second or successive

On April 11, 2008, subsequent to petitioner having filed the instant federal petition for writ of habeas corpus, and the state having filed its answer, petitioner was allowed to withdraw his previous guilty plea on the uttering of a forged instrument charge in Clay County, Florida, the charge which formed the basis of his parole revocation.[21]

Pursuant to the withdrawal of the guilty plea, on August 8, 2008, the State of Florida requested a *nolle presequi* of the uttering charge in open court.[22] As a result, the Louisiana Department of Public Safety and Corrections rescinded petitioner's 2005 parole revocation on November 17, 2008.[23] Petitioner was again released from Louisiana state prison on parole.

After being released in November of 2008, petitioner again went to Florida. On June 24, 2009, petitioner was indicted on three counts of fraud with identification numbers and a warrant was issued for his arrest by the U.S. District Court for the

---

petition, and Bell was not required to seek authorization to file the petition. *See Johnson v. Johnson,* 211 F.3d 593, 2000 WL 329861 at *1 (5th Cir. Mar. 21, 2000)(unpublished), citing *Cain*, 137 F.3d at 235 .

[21]*See* State Court Rec. Supp. vol. 1 for a copy of the order granting petitioner's motion to withdraw guilty plea.

[22]*See* State Court Rec. Supp. vol. 1 for a copy of the *nolle presequi* order, which closed the case.

[23]*See* State Court Rec. Supp. vol. 1 for a copy of the letter to petitioner which notifies him of its decision.

Middle District of Florida (Jacksonville).[24] On August 24, 2009, petitioner pled guilty to count two (2) of the indictment.[25] On November 24, 2009, petitioner was sentenced to be imprisoned for twenty-four months.[26] Based on a February 12, 2009, letter from the State of Louisiana Department of Public Safety and Corrections, petitioner is presently incarcerated at the D. Ray James Federal Prison in Folkston, Georgia.[27]

## SUBJECT MATTER JURISDICTION/MOOTNESS

To be eligible for *habeas* relief, Bell must be "in custody" and must have exhausted his available state remedies. *Dickerson v. Louisiana*, 816, F.2d 220, 224 (5th Cir. 1987). The United States district courts only have jurisdiction over *habeas* petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241 (c)(3) and 28 U.S.C. § 2254 (a)). Whether a petitioner is "in custody" is

---

[24]*See* State Rec. Supp. vol. 1 for copy of Fed. Rec. 1-1 for *United States v. Bell*, Case # 3:09-cr-00174-TJC-TEM-1.

[25]*See* State Rec. Supp. vol. 1 for copy of Fed. Rec. 25-1 for *United States v. Bell*, Case # 3:09-cr-00174-TJC-TEM-1.

[26]*See* State Rec. Supp. vol. 1 for a copy of Fed. Rec. 28-1 for *United States v. Bell*, Case # 3:09-cr-00174-TJC-TEM-1.

[27]As petitioner's most recent conviction is a felony, it likely will be considered an automatic revocation of his Louisiana parole. Petitioner will therefore be returned to Louisiana to serve the remainder of his state sentence when he is released from federal prison, pursuant to warrant # LSP101127. *See* State Court Rec. Supp. vol. 1 for a copy of the letter from the Department of Corrections for the State of Louisiana. Also in same volume, see Notice of Detainer.

7

determined based upon the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port,* 764 F.2d at 425.

Bell was in custody at the Louisiana State Penitentiary in Angola, Louisiana, at the time his federal habeas petition was originally filed. Accordingly, jurisdiction attached at that time, despite the subsequent parole, release, re-arrest, release, and final arrest (by federal authorities) of Bell. Accordingly, the court finds that it has subject matter jurisdiction over Bell's petition as Bell was "in custody" for purposes of 28 U.S.C. § 2254 (b)(1) at the time the instant habeas petition was filed.

The question to be addressed thus becomes whether Bell's federal *habeas* petition has been rendered moot as a result of his release from Louisiana prison on November 17th, 2008. As previously explained, in his federal habeas petition, Bell challenges the revocation of his parole on January 26, 2005.[28] Bell claims that once the State released him on parole in July of 2003, the State relinquished all rights to reclaim custody of him for the 2008 parole revocation. However, because the Florida conviction which caused Bell's parole to be revoked was itself withdrawn, Bell was

---

[28]See Rec. Doc. 1, Petition.

again released on parole, essentially providing him with the relief which he seeks in this federal habeas action. Thus, Bell can no longer challenge his 2008 revocation of parole. Therefore, with the federal relief originally sought no longer available for Bell, there is no longer a case or controversy present, as required under Article III, Section 2, of the Constitution. "This case-or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate...the parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990)(citations omitted). *See also, Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)(Inmate's petition challenging unconstitutional parole procedures rendered moot after petitioner completed his sentence); *Holley v. Andraschko*, 2003 WL 22407416 (10th Cir., October 22, 2003)(Since the traditional function of the writ of habeas corpus is to secure release from illegal custody, habeas petition became moot when petitioner was released).

The court is also not aware of any collateral consequences which petitioner will suffer which are sufficient to defeat the mootness of this action. If Bell has further action taken against him, such as the revocation of his parole based on his most recent federal conviction, he would need to address and exhaust such claims in the state courts prior to coming to federal court for habeas relief. Without an argument from

9

petitioner, the court is unwilling to presume that he will suffer from any collateral consequences resulting from the dismissal of this petition. *See Spencer*, 523 U.S. at 13, 118 S.Ct. at 986 (Collateral consequences will not be presumed).[29] Therefore, based upon the foregoing, IT IS RECOMMENDED that Bell's habeas petition be DISMISSED as MOOT.

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the petition for issuance of writ of habeas corpus file by Clinton Bell be DISMISSED WITH PREJUDICE AS MOOT. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[29]Petitioner was released from state custody on November 17, 2008, and has never contacted this court with regard to whether he desires to maintain this action nor has he provided this court with a change of address or an update on his status. See LR 41.3.1E, providing for dismissal of an action for failure to provide notification of a change of address. The procedural history update relative to petitioner's present federal incarceration was obtained solely from the State of Louisiana.

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[30]

       New Orleans, Louisiana, this \_\_31st\_\_ day of March, 2010.

                                             LOUIS MOORE, JR.
                                             UNITED STATES MAGISTRATE JUDGE

---

[30]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.